**Mike GOLLWITZER, Plaintiff-Respondent,**

v.

**James THEODORO, d/b/a One Stop Boat & Motor, Defendant-Appellant.**

**No. 47482.**

Missouri Court of Appeals, Eastern District, Division Four.

July 31, 1984.

Jeremiah W. Nixon, Hillsboro, for plaintiff-respondent.

David M. Duree, St. Louis, for defendant-appellant.

SMITH, Presiding Judge.

Defendant appeals from a jury verdict against him for $2200 actual damages and $10,000 punitive damages, and an award by the court of $4205 for attorney's fees. Plaintiff's petition purported to be based upon the Missouri Merchandising Practice Act, § 407.025 RSMo 1978. The petition charged that in July 1981, plaintiff purchased a boat from defendant. Defendant's salesmen represented the boat to be a 1980 model when in fact it was a 1976 model. The salesmen knew it was not a 1980 model or acted with reckless disregard as to the truth of the representation intending that plaintiff rely on the representation. Plaintiff did in fact rely on the

representation and purchased the boat resulting in damage to him. These actions by defendant were charged to be a violation of § 407.020 RSMo 1978. There was evidence to support the allegations of the petition. At trial, however, plaintiff elected to submit the case to the jury on common law fraud utilizing MAI 23.05. After trial he sought and received an award of attorney's fees apparently pursuant to the statutory authorization of § 407.025.

■ Defendant's first three points on appeal challenge the failure of the trial court to direct a verdict for failure to make a submissible case of common law fraud. The first two contentions are based upon testimony of plaintiff which indicated he did not regard the boat's construction date as particularly important in making the purchase. This, it is contended, defeats proof of the fraud elements that the representation was material and relied upon by plaintiff. We do not so interpret the testimony. A jury could reasonably have found that the age of the boat was not of particular importance in selecting the style of boat plaintiff wanted but was of importance in determining the price plaintiff would pay for the boat. Plaintiff so testified. The age of the boat therefore was material to plaintiff's purchase and he relied upon defendant's representation in making his decision to buy the boat at the price asked.

■ The third challenge to the submissibility relates to the alleged absence of a showing of damage. Plaintiff testified that he paid $7200 for the boat, the requested price, and that the boat actually had a value of $5000. There was no direct evidence of the value of the boat if it had been as represented. We do not consider that fatal. It is reasonable to infer that the price defendant was seeking for the boat as represented and which plaintiff was willing to pay for a 1980 boat was its value as represented.

■ Defendant next objects to the submission of punitive damages to the jury because § 407.025 provides that only the trial court may award punitive damages.

His interpretation of the statute is correct. *Dover v. Stanley,* 652 S.W.2d 258 (Mo.App. 1983) [1]. The petition here, however, while referring to the statute, also set forth the elements of common law fraud. See *Heitman v. Brown Group, Inc.,* 638 S.W.2d 316 (Mo.App.1982) [3, 4]. Each of those elements were specifically pleaded except materiality and plaintiff's right to rely both of which are inherent in the facts as alleged. The petition therefore stated a cause of action under either the statute or common law fraud. Plaintiff elected to submit the case under common law fraud and was entitled thereby to have the jury determine the punitive damage issue. *Mitchell v. Pla-Mor Inc.,* 361 Mo. 946, 237 S.W.2d 189 (1951) [1, 2].

■ Having made that election, however, plaintiff was not entitled to seek attorney's fees under the statute and the court erred in making an award of attorney's fees. *Farley v. Johnny Londoff Chevrolet, Inc.,* 673 S.W.2d 800 (Mo.App.E. D.1984). We are not persuaded by plaintiff's argument that *State ex rel. Danforth v. Independence Dodge, Inc.,* 494 S.W.2d 362 (Mo.App.1973) held that the statute supplements common law fraud thereby allowing recovery under both theories. What the *Danforth* court said was that the "purpose of these statutes is to supplement the *definitions* of common law fraud in an attempt to preserve fundamental honesty, fair play and right dealings in public transactions." [7–9] (emphasis supplied). The statute broadens the scope of conduct which will subject a merchant to liability, but it does not provide for recovery under both theories for the same misconduct. Plaintiff may elect to pursue either his common law or his statutory remedy. Whichever he elects he is bound by the restrictions placed on that cause of action. By electing common law fraud plaintiff received the benefit of having the jury rather than the judge assess punitive damages but he lost the right to have the judge award attorney's fees.

■ Defendant next complains that the court erred in allowing plaintiff to read

from defendant's tax returns his gross sales and value of inventory in 1982. These figures were respectively $1,223,519 and $667,987.80. These figures were offered as evidence of defendant's wealth. Affluence and wealth can properly be considered in arriving at the amount of allowable punitive damages. *Citizens Bank of University City v. Gehl,* 567 S.W.2d 423 (Mo.App.1978) [6–10]; *State ex rel. Kubatzky v. Holt,* 483 S.W.2d 799 (Mo.App. 1972) [9]. But the evidence offered did not show affluence, wealth or net worth of the defendant. Gross sales does not demonstrate that a profit of any size was made. It is simply one of several factors which must be considered together in determining the profitability of a business and standing alone means nothing. The same is true of inventory which may well be partially or totally mortgaged. A large inventory may indeed show lack of success in business. Plaintiff introduced no other evidence to establish that in fact defendant's business was profitable, what his net worth was, or his affluence. It was error to admit the evidence. *Dawes v. Starrett,* 336 Mo. 897, 82 S.W.2d 43 (1935) [12]; *Walker v. Dominick's Finer Foods, Inc.,* 92 Ill.App.3d 645, 47 Ill.Dec. 900, 415 N.E.2d 1213 (1980) [12]. After the erroneous admission of the testimony plaintiff utilized the evidence aggressively in argument as justification for punishment of defendant. We are unable to find an absence of prejudice in the erroneous admission of this evidence.

■ Defendant also contends that the trial court erroneously admitted evidence of statements made by plaintiff to third parties that he was buying a 1980 boat. In *Fallert Tool and Engineering Company, Inc. v. McClain,* 579 S.W.2d 751 (Mo.App. 1979) [17] we stated:

"The general rule is that declarations of a party favorable to himself which are not part of the res gestae are hearsay, self-serving and inadmissible as evidence in his favor. A party cannot make evidence for himself by his own declarations. Such declarations are generally not rendered admissible by the fact that they were made in the presence of or in conversation or correspondence with, the other party or his agent unless the other party assents to the truth of the declarations... The reason for the rule is the inherent untrustworthiness of such declarations and the probability that their introduction in evidence would open the door to frauds, perjuries and manufactured evidence."

The declarations here, made to plaintiff's father and his credit union, were clearly not part of the res gestae. Nor were they offered, as plaintiff contends, to show plaintiff's state of mind. Defendant's agents denied telling plaintiff the boat was a 1980 model. What plaintiff believed the model year to be was immaterial; what was important was how he reached whatever belief he had. Plaintiff's subsequent declarations could only have been offered to bolster his evidence that he was told by the defendant's agents that the boat was a 1980 model. The admission of the declarations was erroneous and in view of the conflict in testimony we cannot say it was not prejudicial.

We have examined defendant's remaining points and find no error likely to recur on retrial. Plaintiff will have the opportunity to elect whether he will submit the case on common law fraud or for violation of the statute with the restrictions in either case heretofore set out.

Judgment reversed and cause remanded for new trial.

STEPHAN and SNYDER, JJ., concur.