Mary A. FREEMAN, Respondent,

v.

Kyle MYERS, Appellant.

No. WD 41294.

Missouri Court of Appeals,
Western District.

Aug. 15, 1989.

Richard T. Brewster, Jr., Kansas City, Thomas F. McGraw, III, Overland Park, Kan., for appellant.

Bernard E. Brown, Kansas City, for respondent.

Before SHANGLER, P.J., and TURNAGE and KENNEDY, JJ.

KENNEDY, Judge.

Defendant Kyle Myers appeals from a judgment for $7,559.27 actual damages and $100,000 punitive damages in a jury-tried claim of fraudulent misrepresentation brought by Mary Freeman.

Mary Freeman and her husband on August 14, 1984, purchased a 1980 Ford LTD from Bannister Lincoln Mercury, Inc., for a purchase price of $6,105. The odometer showed mileage of 48,000–plus, and the Freemans were presented an odometer statement (see section 407.536, RSMo Supp. 1988) showing mileage of 48,452. The odometer statement was signed by plaintiff Mary Freeman. Mary Freeman's husband, Sippeo, died four weeks after the purchase of the automobile.

The fact was the automobile had mileage of more than 125,000 at the time. The odometer had been rolled back by Bannister's predecessor in title, defendant Kyle Myers, d/b/a Midway Truck and Auto Sales, from whom Bannister had purchased the automobile.

Mary Freeman testified that she relied upon the mileage shown on the odometer and the odometer statement and would not have purchased the car had she known it had been driven many thousands of miles more than the approximately 48,000–plus shown by the odometer and odometer statement.

Other evidence supported the verdict of the jury which found actual damages of $7,559.27 and there is no dispute about the evidentiary support for the amount of the actual damage verdict.

■ Myers, tacitly conceding the rolled back odometer and the odometer statement was a misrepresentation, *see Jones v. West Side Buick Auto Co.*, 231 Mo.App. 187, 93 S.W.2d 1083, 1086 (1936), sets up as a defense to Freeman's fraud claim the fact that Myers' misrepresentation was not made directly to the Freemans. The jury was entitled to infer, however, that the representation implicit in Myers' odometer rollback was intended or at least expected by him to extend to and be relied upon by a

retail purchaser of the car from the automobile dealership to whom Myers sold the car. The fact Myers' fraudulent statement was not made directly to the Freemans is not a defense to the Freemans' damage claim against him. The rule is thus stated in Restatement (Second) of Torts § 533 (1977):

> The maker of a fraudulent misrepresentation is subject to liability for pecuniary loss to another who acts in justifiable reliance upon it if the misrepresentation, although not made directly to the other, is made to a third person and the maker intends or has reason to expect that its terms will be repeated or its substance communicated to the other, and that it will influence his conduct in the transaction or type of transaction involved.

*Wilson v. Murch,* 354 S.W.2d 332, 337 (Mo.App.1962); *Handy v. Beck,* 282 Or. 653, 581 P.2d 68 (1978); 37 Am.Jur.2d *Fraud and Deceit* § 298 (1968).

■ Myers next claims that Freeman's claim against him was released by Freeman's pre-trial settlement with co-defendant Bannister Lincoln Mercury, Inc., and a release of Bannister Lincoln Mercury, Inc., for a payment to Freeman of $32,500.

The release executed by Mary H. Freeman, however, expressly reserves "any and all claims and causes of action against Kyle Myers, d/b/a Midway Truck and Auto Sales". The "Stipulation for Dismissal with Prejudice" specifically stipulates that "Counts V, VI, VII, VIII and IX of Plaintiffs' Amended Petition for Damages be dismissed with prejudice". Those counts are against Bannister Lincoln Mercury, Inc. only, and are not against defendant Myers. There is nothing in the language of the release or the stipulation for dismissal which purports to acknowledge receipt of the $32,500 as full satisfaction of Freeman's claim, and there is no merit to Myers' argument that the release and the stipulation for dismissal discharged him from liability even as it discharged Bannister. Section 537.060, RSMo 1986; *Manar*

*v. Park Lane Medical Center,* 753 S.W.2d 310, 312–13 (Mo.App.1988); *Arana v. Koerner,* 735 S.W.2d 729, 734–35 (Mo.App.1987).

■ Myers next claims that since Freeman received from Bannister Lincoln Mercury, Inc., for her release a settlement amount of $32,500, admittedly well in excess of her actual damages, that the release extinguished her claim both for actual damages and punitive damages. Myers frankly says in his brief that there are no Missouri cases supporting this proposition, and he does not cite any cases from another jurisdiction. Myers cites only the well-known rule that a plaintiff is entitled to one satisfaction for injuries received, *Haley v. Byers Transportation Company,* 394 S.W.2d 412, 416 (Mo.1965).[1]

A similar argument to defendant's was rejected by the Court of Special Appeals of Maryland in *Exxon Corporation v. Yarema,* 516 A.2d 990 (Md.App.1986). In *Exxon,* plaintiff had settled with a co-defendant of Exxon for an amount exceeding the actual damages awarded to plaintiff upon trial against Exxon. The trial court reduced the actual damage award against Exxon to zero by the application of the amount plaintiff had received from the co-defendant in settlement. Exxon argued that since plaintiff had already received his actual damages by way of settlement, and since a plaintiff had to show actual damages before he could be entitled to punitive damages, the plaintiff was therefore not entitled to the punitive damages awarded to him in the trial against Exxon. The Maryland Court of Special Appeals rejected Exxon's claim, holding that the jury's award of compensatory damages to plaintiff, even though it was canceled by the trial court's application of the settlement amount, satisfied the requirement of proof of compensatory damages before one could be entitled to punitive damages. The punitive damages award against Exxon was therefore affirmed.

---

**1.** The record before us does not show that the settlement amount received by Freeman from co-defendant Bannister Lincoln Mercury, Inc., was credited against the amount of the jury verdict but the record shows no application therefor in the trial court, and Myers does not complain of the omission of the credit. *See* MAI 1.06 and Committee's Comment.

We reject Myers' contention that plaintiff's claim was extinguished by her settlement with Bannister Lincoln Mercury, Inc.

Plaintiff submitted her case to the jury by separate instructions on two theories—common law fraud and violation of federal odometer statutes, 15 U.S.C. § 1988, et seq., and a separate verdict form was submitted for each. The jury returned verdicts for the plaintiff on both theories. On the common law fraud submission the jury found actual damages of $7,559.27 and punitive damages of $100,000. On the federal odometer law submission the jury returned a verdict for plaintiff of actual damages of $107,559.27.

After the jury verdict the plaintiff elected to take the common law fraud verdict of $7,559.27 actual damages and $100,000 punitive damages, and judgment was entered accordingly.

Myers claims Freeman should have been put to her election between the common law fraud claim and the federal odometer claim before submission to the jury. He cites no cases to support his position. The one case he cites is *Gollwitzer v. Theodoro*, 675 S.W.2d 109 (Mo.App.1984), a case in which plaintiff made an election between two theories before submission to the jury, but the case does not present the issue of the necessity of making the election at that point as against making the election after verdict.

Our case is ruled by this principle as stated in 25 Am.Jur.2d *Election of Remedies* § 12 (1966): "Where the remedies are not inconsistent, but are alternative and concurrent, there is no bar until satisfaction has been obtained, unless the plaintiff has gained an advantage or the defendant has suffered a disadvantage." The remedies in this case are not inconsistent but are alternative and concurrent. Defendant says submission of both theories inflamed the jury but we are unable to follow defendant to that conclusion. When plaintiff waived her verdict on the federal odometer statute claim and judgment was entered on the one claim only, namely, the common law fraud claim, defendant was protected against duplicitous recovery. This was all

defendant was entitled to. *See Grogan v. Garner*, 806 F.2d 829, 839 (8th Cir.1986).

Defendant makes one other attack on the simultaneous submission to the jury of both theories. He says it is contrary to MAI 1.02 which prohibits the practice of submission in the conjunctive of dual or multiple theories of recovery. The Committee's Comments make it clear that MAI 1.02 is not directed at the submission of multiple theories by separate instructions if each is supported by the evidence. The rule was intended to stop the practice, prevalent when MAI 1.02 was adopted, of submitting multiple grounds of recovery in the conjunctive. Under that practice the cases held that if any of the grounds so submitted was supported by the evidence, an instruction would not be disapproved because it submitted other grounds which were not supported by the evidence. MAI 1.02 was adopted to condemn the submission of grounds which were not supported by the evidence.

Myers argues that Freeman's fraud claim against him is barred because of the failure of Bannister Lincoln Mercury, Inc., to deliver to Freeman at the time of the sale an assigned certificate of ownership in compliance with section 301.210.4, RSMo 1986.

We will assume as Myers contends that the title assignment from Bannister Lincoln Mercury, Inc., to Freeman was delayed a year, although the title assignment was ultimately made.

Whatever the effect of such delayed title assignment as between Bannister Lincoln Mercury, Inc., and Freeman, it had no effect upon Freeman's claim against Myers. In reliance upon Myers' fraudulent misrepresentation she entered into the transaction with Bannister Lincoln Mercury, Inc., she took possession of the automobile, executed loan documents and made monthly payments. She did not know that title assignment requirements had not been complied with by Bannister. As between herself and Myers there was no violation of section 301.210.4 which would in any way bar Freeman's claim against him or would

insulate Myers from liability for his fraud. *See Strebler v. Hampton Metro Bank,* 686 S.W.2d 28 (Mo.App.1984); *see also Mann v. United Missouri Bank of Kirkwood,* 689 S.W.2d 830 (Mo.App.1985); *Hadley v. Smith,* 268 S.W.2d 444 (Mo.App.1954).

The judgment is affirmed.

All concur.