**Larry PEARMAN, Appellant,**

v.

**DEPARTMENT OF SOCIAL SERVICES, Respondent.**

**No. WD 57868.**

Missouri Court of Appeals, Western District.

May 7, 2001.

Motion for Rehearing and/or Transfer to Supreme Court Denied July 3, 2001.

Larry Pearman, Independence, pro se.

Lawrence Love, Independence, for respondent.

PAUL M. SPINDEN, Chief Judge.

Larry Pearman appeals the circuit court's judgment to affirm the decision of the director of the Division of Family Services denying Pearman's request for food stamps. The circuit court found that the director's decision was supported by competent and substantial evidence and was not arbitrary, capricious, or unreasonable. In this appeal, Pearman asserts that the circuit court erred in upholding the director's decision because the circuit court failed to apply the "the correct body of law and the full scope of review to this judicial matter." We affirm.

In his point relied on, Pearman asserts:

The circuit court erred in its judgment of dismissal because the court failed to apply the correct body of law and the full scope of review to this judi-

cial review matter, in that Missouri Law provides that a judicial review of an appeal by any public benefit claimant aggrieved by a decision made by the director of the Division of Family Services shall be conducted in accordance with statutes in Title XII (Public Health and Welfare) that includes specific procedures and specific elements of review and does not provide for a judicial review of this nature to be conducted in accordance with Chapter 536 RSMo, a part of Title XXXVI (Statutory Actions and Torts).

We understand his claim to be that the circuit court should have conducted its review pursuant to § 208.100, RSMo 1994, and not § 536 .140, RSMo 1994.

Both statutes apply. They work in tandem to provide for judicial review. Section 208.100.1 provides for judicial review, but in § 208.100.5, the General Assembly has instructed that judicial review must be in "accordance with the provisions of section 536.140, RSMo[.]" Therefore, § 536.140 is applicable to this matter. The circuit court, therefore, did not err in conducting its review pursuant to § 208.100 and § 536.140.

■ In the argument portion of his brief, Pearman complains that, even if § 536.140 applied, the circuit court did not consider all the factors contained in that statute when it reviewed his case. " 'Errors raised for the first time in the argument portion of the brief and that are not raised in the point relied on need not be considered by [this court].' " *Morgan Publications, Inc. v. Squire Publishers, Inc.*, 26 S.W.3d 164, 177 n. 8 (Mo.App. 2000) (citation omitted). Moreover, Pearman attempted to alter his point relied on in his reply brief to assert that the director applied conditions to his claim for food stamps that were in violation of the United States Food Stamp Program and in viola-

tion of Missouri law. "Assignments of error set forth for the first time in an appellant's reply brief do not present issues for appellate review. The sole purpose of a reply brief is to rebut arguments by respondents in their briefs, not to raise new points on appeal." *Cain v. Buehner and Buehner*, 839 S.W.2d 695, 697 n. 2 (Mo. App.1992).

We affirm the circuit court's judgment.

ROBERT G. ULRICH and THOMAS H. NEWTON, Judges, concur.