Byther M. WILLIAMS, Respondent,

v.

FINANCE PLAZA, INC., Appellant.

No. WD 60136.

Missouri Court of Appeals,
Western District.

April 30, 2002.

Motion for Rehearing and/or Transfer to
Supreme Court Denied July 2, 2002.

Charles E. Weedman, Jr., Harrisonville, Jeannie Willibey, Kansas City, for Appellant.

Dale K. Irwin, Kansas City, for Respondent.

Before ROBERT G. ULRICH, P.J., PATRICIA A. BRECKENRIDGE and LISA WHITE HARDWICK, JJ.

**ROBERT G. ULRICH, P.J.**

Finance Plaza, Inc. (Finance Plaza) appeals the judgment following jury trial in favor of Byther Williams in her action against Finance Plaza for federal odometer fraud involving a vehicle she purchased from Finance Plaza. 49 U.S.C. §§ 32705(a) and 32710 (1997). Finance Plaza claims that the trial court erred in (1) submitting to the jury Instruction No. 7 regarding the measure of damages, (2) submitting to the jury Ms. Williams' federal odometer fraud claim, and (3) awarding Ms. Williams attorney's fees in the amount of $47,129.25. Ms. Williams requests this court to award her attorney's fees incurred in this appeal. The judgment of the trial court is affirmed, and the case is remanded with directions consistent with this opinion.

Ms. Williams purchased a 1988 Ford Tempo from Finance Plaza for $6,995 on November 10, 1995. At the time of the purchase, the odometer in the car showed 22,503 miles, and the salesman told her that the miles on the odometer were the actual miles the car had been driven. Ms. Williams was presented with an inspection certificate for the car that showed an odometer reading of 22,505 miles. She also signed an odometer disclosure statement. The odometer statement provided that "the odometer now reads 22,503 miles." A box was also checked on the statement that read, "I hereby certify that to the best of my knowledge the odometer reading reflects the amount of mileage in excess of the mechanical limits." Ms. Williams testified that she did not see the checked box.

Ms. Williams purchased the vehicle on credit and signed a note payable to Finance Plaza. Finance Plaza sold Ms. Williams' note to Regency Financial Corporation, and Regency, in turn, sold the note to Transouth Financial Services.

Ms. Williams had many mechanical problems with the Tempo from the time of the purchase. The car would stall and cease running, it would not start, and it leaked oil. In January 1996, Finance Plaza performed $1,300 of repairs on the car.[1] In June 1996, when the car would not start, Ms. Williams called Finance Plaza to complain, but she was advised that the company no longer carried her note and that she should call Transouth. When she called Transouth, Ms. Williams was told to take the car to a local Buick dealership to trade it in for a dependable car. The Buick dealership discovered that the Tempo had been driven over 100,000 miles, refused to accept it as a trade-in, and directed Ms. Williams to take the car back to Finance Plaza. At Finance Plaza, Ms. Williams spoke to the manager, who told her he could sell her another car. Ms. Williams left with the same Tempo.

Ms. Williams filed a four-count petition on November 10, 1997, alleging federal odometer fraud, state odometer fraud, fraudulent misrepresentation, and negligent misrepresentation. In the first trial, the jury returned a verdict in favor of Ms. Williams on the federal odometer fraud count and a verdict in favor of Finance Plaza on the fraudulent misrepresentation count, and Ms. Williams dismissed the two remaining counts. Thereafter, Ms. Williams filed a motion for attorney's fees. Finance Plaza argued that attorney's fees incurred on the federal odometer fraud count only should be recovered. The trial court found that such fees could not be fairly extricated from the total fees and awarded Ms. Williams $37,095 in attorney's fees. On appeal, this court reversed the judgment in favor of Ms. Williams on her federal odometer fraud claim due to instructional error and remanded the case for a new trial on that claim only.

*Williams v. Finance Plaza, Inc.,* 23 S.W.3d 656, 660 (Mo.App. W.D.2000). Although Finance Plaza also appealed the attorney's fees issue, it was not addressed in the first appeal.

Prior to the second trial, Ms. Williams filed a motion in limine asking the trial court to prohibit the introduction of evidence regarding her voluntary bankruptcy petition. The trial court sustained the motion and prohibited Finance Plaza from introducing evidence of Ms. Williams' bankruptcy.

At trial, Ms. Williams introduced requests for admission wherein Finance Plaza admitted that it had originally purchased the Tempo on or about August 24, 1994, from John Chezik Honda, and at the time of the purchase, the odometer registered 89,901 miles. Finance Plaza then sold the car to Michael and Carrie Goad for $5,995 in September 1994, and at the time of the sale, the odometer registered 89,920. Finance Plaza then reacquired the car and sold it to Ms. Williams in November 1995.

Ms. Williams testified that she believed that the actual value of the Tempo with its actual miles driven in November 1995 was approximately $1,000. Richard Diklich, an instructor in automobile technology for Longview Community College and an automobile consultant, testified that the Tempo had a value of $1,500 in November 1995.

The jury returned a verdict in favor of Ms. Williams for federal odometer ·fraud and assessed damages at $4,000. The trial court's judgment favored Ms. Williams with an award ·of three times her actual damages, $12,000, in accordance with 49 U.S.C. Section 32710(a). Thereafter, Ms. Williams filed a·motion for attorney's fees.

---

1. Ms. Williams was only required to pay half of the invoice.

She requested a total of $47,347.50 in attorney's fees consisting of $10,034.25 for the fees incurred in the retrial plus the $37,095 in fees awarded by the trial court in the first trial. The trial court awarded Ms. Williams $47,129.25. This appeal by Finance Plaza followed.

## I. Instruction No. 7—Measure of Damages

In its first point on appeal, Finance Plaza argues that the trial court erred in submitting to the jury Instruction No. 7 regarding the measure of damages based on the benefit of the bargain standard. Instruction No. 7 provided:

> If you find in favor of the plaintiff, then you must award plaintiff such sum as you believe was the difference between the actual value of the Ford Tempo on the date it was sold to plaintiff and what its value would have been on that date had the Ford Tempo been as represented by defendant.

Finance Plaza contends that the benefit of the bargain rule did not apply because Ms. Williams disaffirmed the contract in her Chapter 13 bankruptcy proceeding.

■ Finance Plaza's first point was not properly preserved for appellate review. Although it objected to the instruction at trial, it failed to include this issue in its motion for new trial. *Hutchison v. Mo. Highway and Transp. Comm'n,* 996 S.W.2d 109, 110 (Mo.App. E.D.1999); *Lohmann By and Through Lohmann v. Norfolk & W. Ry. Co.,* 948 S.W.2d 659, 666 (Mo.App. W.D.1997). Thus, the point is reviewed for plain error under Rule 84.13(c). *Hutchison,* 996 S.W.2d at 110. Rule 84.13(c) provides, "Plain errors affecting substantial rights may be considered on appeal, in the discretion of the court, though not raised or preserved, when the court finds that manifest injustice or miscarriage of justice has resulted therefrom."

■ Generally, Missouri courts apply the benefit of the bargain rule to determine damages in cases of fraud and deceit. *Heberer v. Shell Oil Co.,* 744 S.W.2d 441, 443 (Mo. banc 1988); *Sunset Pools of St. Louis, Inc. v. Schaefer,* 869 S.W.2d 883, 886 (Mo.App. E.D.1994). The benefit of the bargain rule awards a defrauded party the difference between the actual value of the property and what its value would have been if it had been as represented. *Heberer,* 744 S.W.2d at 443; *Sunset Pools,* 869 S.W.2d at 886. The benefit of the bargain rule does not apply, however, where the purchaser rescinds and returns the property received or where she received nothing of value. *Heberer,* 744 S.W.2d at 443. In such case, the purchaser may seek restitution to recover the amount she paid with interest from the date of payment plus incidental losses and expenses suffered as a result of the seller's misrepresentations. *Heberer,* 744 S.W.2d at 443; *Sunset Pools,* 869 S.W.2d at 886.

■ Finance Plaza argues that because Ms. Williams disaffirmed the contract to purchase the Tempo in her Chapter 13 bankruptcy proceeding, the correct measure of damages was restitution rather than benefit of the bargain. Although Finance Plaza discusses at length its view of the effect of the Chapter 13 proceeding, the trial court ruled that evidence of Ms. Williams' bankruptcy was inadmissible. Finance Plaza does not attack that evidentiary ruling in a point relied on. Instead, it attempts to alter its point relied on in its reply brief to assert that the trial court erred in excluding evidence regarding Ms. Williams' bankruptcy. Assertions of error made for the first time in a reply brief do not present issues for appellate review. *Pearman v. Dep't of Soc. Servs.,* 48 S.W.3d 54, 55 (Mo.App. W.D.2001). The sole pur-

pose of a reply brief is to rebut arguments made by respondents in their briefs, not to raise new points on appeal. *Id.* Appellate courts are generally precluded from addressing assertions made for the first time in a reply brief because a respondent has no opportunity to address the new argument. *In re Tri–County Levee Dist.*, 42 S.W.3d 779, 783 n. 2 (Mo.App. E.D.2001). Finance Plaza's challenge of the evidentiary ruling in its reply brief is, therefore, not addressed in this appeal. Because no evidence of Ms. Williams' disaffirming the contract was presented, Finance Plaza's argument that restitution was the correct measure of damages in this case is without merit.

The next question is whether benefit of the bargain was the correct measure of damages in this federal odometer fraud case. The purposes of the Federal Odometer Act are to prohibit tampering with motor vehicle odometers and to provide safeguards to protect purchasers in the sale of motor vehicles with altered or reset odometers. 49 U.S.C. § 32701(b)(1) and (2) (1997). A person that violates the Act with intent to defraud is liable for three times the actual damages or $1,500, whichever is greater. 49 U.S.C. § 32710(a) (1997). The federal statute does not define the term "actual damages"; however, the term was interpreted in the landmark case, *Duval v. Midwest Auto City, Inc.*, 425 F.Supp. 1381, 1388 (D.Neb.1977):

> Although "actual damages" is not defined in the statute, it seems reasonable to give it the meaning commonly applied to fraud cases. This is the difference between the amount paid by the plaintiffs—not the value of the car if it had been as represented—and the fair market retail value of a vehicle of the type

purchased with the number of miles actually traveled by the car, plus such outlays as are legitimately attributable to the acts of the defendants.[2]

The instruction in this case measured damages as the difference between the actual value of the Tempo and the value of the car had the car been as represented rather than the difference between the actual value of the car and the price paid by Ms. Williams as interpreted in *Duval.* While the submission of Instruction No. 7 may have been error, manifest injustice or miscarriage of justice did not result from the submission of the instruction to the jury. *See Roy v. Mo. Pacific R.R. Co.*, 43 S.W.3d 351, 364 (Mo.App. W.D.2001)(although instructional error may have been prejudicial, it did not rise to level of plain error). The trial court instructed the jury to consider only the evidence and the reasonable inferences derived from the evidence, and the jury is presumed to have followed that instruction. The only evidence presented at trial regarding the value of the Tempo, had it been as represented, was the sale price of the car. *Cf. Morehouse v. Behlmann Pontiac–GMC Truck Serv., Inc.*, 31 S.W.3d 55, 61 (Mo.App. E.D.2000)(in case for common law fraud and Merchandising Practices Act violation where issue was sufficiency of the evidence of damages, value of vehicle as represented on the date of sale was its sale price); *Carpenter v. Chrysler Corp.*, 853 S.W.2d 346, 363 (Mo. App. E.D.1993)(in case for common law fraud where the issue was sufficiency of evidence of damages, value of vehicle as represented on date of sale was its sale price). The trial court did not plainly err in submitting Instruction No. 7. Point one is denied.

---

2. The *Duval* interpretation has been followed in other state court cases such as *Smith v. Walt Bennett Ford, Inc.*, 314 Ark. 591, 864 S.W.2d 817 (1993), and *Stepp v. Duffy*, 654 N.E.2d 767 (Ind.Ct.App.1995).

## II. Submission of Federal Odometer Fraud Claim

In the second point addressed in this appeal, Finance Plaza contends that the trial court erred in submitting to the jury Ms. Williams' federal odometer fraud claim. Finance Plaza contends that the judgment in its favor on the fraudulent misrepresentation claim in the first trial was res judicata and barred the submission of Ms. Williams's claim for federal odometer fraud in the second trial. Specifically, it argues that both claims related to the exact same conduct and that the verdict in its favor on the fraudulent misrepresentation claim rebutted the intent to defraud element of the federal odometer fraud claim.

 The doctrine of res judicata, or claim preclusion, bars relitigation of the same cause of action by the same parties or privities in a case if the two actions have the following common "identities:" (1) identity of the thing sued for; (2) identity of the cause of action; (3) identity of the parties to the action; and (4) identity of the quality of the person for or against whom the claim is made. *State v. Polley*, 2 S.W.3d 887, 893 (Mo.App. W.D.1999). The identity of the cause of action is defined as "the underlying facts combined with the law, giving a party a right to a remedy of one form or another based thereon." *State ex rel. J.E. Dunn Constr. Co. v. Fairness in Constr. Bd. of the City of Kansas City, Missouri*, 960 S.W.2d 507, 514 (Mo.App. W.D.1997).

 While Ms. Williams' claims of fraudulent misrepresentation and federal odometer fraud were both based on Finance Plaza's oral representations to her

regarding the mileage of the Tempo, the causes of action and the things sued for were not identical for purposes of applying the res judicata doctrine.[3] Under her common law fraudulent misrepresentation theory, Ms. Williams was required to prove: (1) a representation, (2) its falsity, (3) its materiality, (4) the speaker's knowledge of its falsity or his ignorance of the truth, (5) the speaker's intent that his representation should be acted upon by the hearer in the manner reasonably contemplated, (6) the hearer's ignorance of the falsity of the representation, (7) the hearer's reliance on the truth of the representation, (8) the hearer's right to rely thereon, and (9) the hearer's consequent and proximately caused injury. *Pendergist v. Pendergrass*, 961 S.W.2d 919, 923 (Mo. App. W.D.1998). Because no evidence was presented that she rescinded the transaction, she sought actual damages measured by the benefit of the bargain rule. *Heberer*, 744 S.W.2d at 443. A plaintiff in a common law fraud case may also recover punitive damages if the offensive act is "outrageous because of the defendant's evil motive or reckless indifference to the rights of others." *Burnett v. Thrifty Imports, Inc.*, 773 S.W.2d 508, 511 (Mo.App. S.D.1989)(quoting *Burnett v. Griffith*, 769 S.W.2d 780, 789 (Mo. banc 1989)). Conversely, under the Federal Odometer Act, Ms. Williams was required to prove only a violation of the Act's odometer disclosure requirement, an intent to defraud, and damages as a result. 49 U.S.C. §§ 32705 & 32710 (1997); *O'Brien v. B.L.C. Ins. Co.*, 768 S.W.2d 64, 70 (Mo. banc 1989). The other elements of fraudulent misrepresentation are not part of the action for breach of 49 U.S.C. section 32705. *O'Brien*, 768 S.W.2d at 70. Additionally, the thing sued

---

**3.** Under the election of remedies doctrine, the remedies in a common law fraud case and a federal odometer fraud case are alternative and concurrent. *Freeman v. Myers*, 774 S.W.2d 892, 895 (Mo.App. W.D.1989). Thus, a plaintiff may submit both claims to the jury but must choose one theory of recovery after the verdict to prevent double recovery. *Id.*

for by Ms. Williams under the Federal Odometer Act was different than the thing sued for under the common law fraud claim. Under the Act, Ms. Williams sought three times the actual damages or $1,500, whichever was greater, and costs and reasonable attorney's fees. 49 U.S.C. § 32710(a) and (b) (1997). Unlike a common law fraud claim, the Act is remedial and must be construed to give effect to its purpose. *O'Brien*, 768 S.W.2d at 70. The trebling of actual damages and the award of costs and attorney's fees under the Federal Odometer Act are intended to accomplish its remedial purposes and to encourage private civil actions. *Tusa v. Omaha Auto. Auction, Inc.*, 712 F.2d 1248, 1255 (8th Cir.1983); *Duval v. Midwest Auto City, Inc.*, 578 F.2d 721, 726 (8th Cir.1978). Because neither the things sued for nor the causes of action were identical in the two cases, the doctrine of res judicata did not bar the litigation of Ms. Williams' federal odometer claim in the second trial. The point is denied.

## III. Attorney's Fees

In its last point on appeal, Finance Plaza claims that the trial court abused its discretion in awarding Ms. Williams attorney's fees in the amount of $47,129.25. It claims that Ms. Williams was required to segregate the amount to each count of her four-count cause of action. It also argues that the award of attorney's fees was excessive in relation to the verdict rendered.

The American Rule requires litigants to bear the expense of their own attorney's fees. *Cullison v. Thiessen*, 51 S.W.3d 508, 513 (Mo.App. W.D.2001). One exception to the American Rule is where a statute allows a party to recover attorney's fees. *Id.* The Federal Odometer Act is such a statute. It provides, "The court shall award costs and a reasonable attorney's fee to the person when a judgment is entered for that person." 49 U.S.C. § 32710(b) (1997). The trial court is considered an expert on the subject of attorney's fees. *O'Brien*, 768 S.W.2d at 71; *Dominion Home Owners Ass'n, Inc. v. Martin*, 953 S.W.2d 178, 182 (Mo.App. W.D.1997). "Moreover, in the absence of contrary evidence, the trial court is presumed to know the character of services rendered in duration, zeal and ability, and to know the value of them according to custom, place, and circumstance." *Dominion Home Owners Ass'n*, 953 S.W.2d at 182 (quoting *Roberts v. McNary*, 636 S.W.2d 332, 338 (Mo. banc 1982), *overruled on other grounds by Keller v. Marion County Ambulance Dist.*, 820 S.W.2d 301 (Mo. banc 1991)). An award of attorney's fees will not be disturbed on appeal absent a clear abuse of discretion. *Id.* An award of attorney's fees will be reversed only if it is so arbitrary or unreasonable that it indicates indifference or lack of proper judicial consideration. *Id.* at 182–183.

In determining the amount of reasonable attorney's fees, consideration should begin with the rates customarily charged by the attorneys involved and by other attorneys in the community for similar services. *O'Brien*, 768 S.W.2d at 71. *See also Hensley v. Eckerhart*, 461 U.S. 424, 433, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983)(in determining the amount of reasonable attorney's fees, the most useful starting point is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate). Another important factor to consider in determining reasonable attorney's fees is the amount involved or the result obtained. *O'Brien*, 768 S.W.2d at 71 (citing *Hensley*, 461 U.S. at 434–435, 440, 103 S.Ct. 1933); *Tusa v. Omaha Auto. Auction, Inc.*, 712 F.2d at 1255. This factor is particularly crucial where a prevailing plaintiff has succeeded on only some of

her claims for relief. *Hensley*, 461 U.S. at 434, 103 S.Ct. 1933. If the plaintiff's claims for relief are based on different facts and legal theories and counsel's work on one claim is unrelated to his work on another claim, the unrelated claims must be treated as if they had been raised in separate lawsuits, and, therefore, no fee may be awarded for services on the unsuccessful and unrelated claims. *Id.* at 434–435, 103 S.Ct. 1933. *See also Duchscherer v. W.W. Wallwork, Inc.*, 534 N.W.2d 13, 17 (N.D.1995)(applying this principle from *Hensley* to a case involving violation of the Federal Odometer Act). Conversely, if the claims for relief have a common core of facts and are based on related legal theories and much of counsel's time is devoted generally to the litigation as a whole making it difficult to divide the hours expended on a claim-by-claim basis, such a lawsuit cannot be viewed as a series of distinct claims. *Hensley*, 461 U.S. at 435, 103 S.Ct. 1933. *See also Duchscherer*, 534 N.W.2d at 17. Instead, where a plaintiff's claims are related and she has obtained excellent results overall, her counsel should recover a fully compensatory fee that should not be reduced simply because she has not prevailed on every litigated claim. *Hensley*, 461 U.S. at 435, 103 S.Ct. 1933. *See also Duchscherer*, 534 N.W.2d at 17. Furthermore, "[l]itigants in good faith may raise alternative legal grounds for a desired outcome, and the court's rejection of or failure to reach certain grounds is not a sufficient reason for reducing a fee." *Hensley*, 461 U.S. at 435, 103 S.Ct. 1933.

In this case, Ms. Williams alleged four counts in her original petition: federal odometer fraud, state odometer fraud, fraudulent misrepresentation, and negligent misrepresentation. An award of attorney's fees was appropriate only under the federal and state odometer fraud claims if she was successful on those claims. *See* 49 U.S.C. § 32710(b) (1997); § 407.546.1, RSMo 2000. In the first trial, Ms. Williams prevailed on the federal odometer fraud claim, and Finance Plaza prevailed on the fraudulent misrepresentation claim. The state odometer fraud claim and the negligent misrepresentation claim were dismissed by Ms. Williams before the case was submitted to the jury. Although this court reversed Ms. Williams' judgment on the federal odometer fraud claim and the case was remanded, Ms. Williams again prevailed on her federal odometer claim on retrial receiving a damage award by application of 49 U.S.C. section 32710 of $12,000.

Having prevailed on only the federal odometer fraud claim, Finance Plaza argues that Ms. Williams was entitled to attorney's fees incurred for prosecution of that claim only. Finance Plaza cites *O'Brien v. B.L.C. Ins. Co.*, 768 S.W.2d 64 (Mo. banc 1989), in arguing that the attorney's fees should have been segregated between Ms. Williams's multiple claims. The *O'Brien* case, however, is distinguishable from the present case. In *O'Brien*, the plaintiff brought two distinct claims. First, the plaintiff sought damages against an insurance company for failure to title a vehicle as a salvage vehicle. Second, the plaintiff sought damages under the state odometer statute for the insurance company's failure to insert the odometer reading on the title to the vehicle. The plaintiff recovered damages on each count. The trial court also awarded the plaintiff $1,000 in attorney's fees for successful prosecution of the claim under the state odometer statute. On appeal, the plaintiff claimed that the trial court should have awarded him $28,000 in attorney's fees based on the regular hourly rates of the participating attorneys. The Missouri Supreme Court

found that an attorney's fee award was appropriate only for the odometer violation, that fees attributed to the salvage title claim may not be awarded, and that segregation of the fees was required though such segregation may be difficult. *O'Brien*, 768 S.W.2d at 71. Thus, the Court reversed the award of attorney's fees and remanded the case for determination of an appropriate attorney's fee award. *Id.* at 72.

In *O'Brien*, the Missouri Supreme Court cited the case of *Gollwitzer v. Theodoro*, 675 S.W.2d 109 (Mo.App. E.D.1984), in finding that attorney's fees attributed to the salvage title claim may not be recovered. *Gollwitzer* is also distinguishable from this case. In *Gollwitzer*, the plaintiff alleged in his petition that the defendant violated section 407.020, RSMo 1978, the Missouri Merchandising Practice Act, in the sale of a boat. At trial, however, the plaintiff elected to submit the case to the jury on common law fraud. The jury returned verdicts in favor of the plaintiff for actual and punitive damages, and the trial court awarded plaintiff $4,205 in attorney's fees apparently under the authority of section 407.025, RSMo 1978, of the Missouri Merchandising Practice Act. The Eastern District held that the plaintiff, who elected to submit his case under common law fraud, may not recover attorney's fees authorized by the Missouri Merchandising Practice Act. *Id.* at 111.

 Unlike the *O'Brien* case, this case involved multiple counts with a common core of facts and related legal theories. Ms. Williams' claims of federal odometer fraud, state odometer fraud, and fraudulent misrepresentation all arose from the same conduct with intent to defraud. Furthermore, her alternative theory of negligent misrepresentation involved the same facts, Finance Plaza's oral representations regarding the Tempo's mileage. And un-

like the *Gollwitzer* case, Ms. Williams submitted to the jury and prevailed on the federal odometer fraud count. Because all of Ms. Williams' claims were related and intertwined, the trial court was not required to segregate attorney's fees for each claim. *See York v. InTrust Bank, N.A.*, 265 Kan. 271, 962 P.2d 405, 430 (1998)(where claims of fraud, civil conspiracy, aiding and abetting, and violation of the Kansas Consumer Protection Act involved core set of facts and single transaction, claims were inextricably intertwined, and trial court did not abuse discretion in amount of attorney's fees awarded under the Kansas Consumer Protection Act); *Duchscherer*, 534 N.W.2d at 19 (where claims of deceit and odometer fraud were related and shared common core of facts and related legal theories, claims were not separable for purpose of awarding attorney's fees under Federal Odometer Act); *DeSpiegelaere v. Killion*, 24 Kan.App.2d 542, 947 P.2d 1039, 1044–1045 (1997)(where claims of fraud and violation of the Kansas Consumer Protection Act were based on the same facts and were intertwined to point of being inseparable, the prevailing plaintiff was entitled to reasonable attorney's fees under the KCPA for both claims); *Majcher v. Laurel Motors, Inc.*, 287 Ill.App.3d 719, 223 Ill.Dec. 683, 680 N.E.2d 416, 430 (1997)(where claims of federal odometer fraud and common-law fraud were inextricably intertwined, trial court did not err in failing to distinguish the time spent on each count in awarding attorney's fees under the Federal Odometer Act). *Cf. Slaymaker v. Westgate State Bank*, 241 Kan. 525, 739 P.2d 444, 455 (1987)(where federal odometer fraud claim was not novel or difficult question because defendants admitted they had failed to provide odometer statements, trial court did not abuse discretion in awarding only portion of requested attorney's fees in case

that also involved an unsuccessful common-law fraud claim).

 Finance Plaza also argues that the award of over $47,000 in attorney's fees was excessive in relation to the $12,000 damage award. As discussed in point one, the Federal Odometer Act was enacted to "establish a national policy against odometer tampering and prevent customers from being victimized by such abuses." *Duval,* 578 F.2d at 726 (citation omitted). To accomplish its remedial purposes, the Act provides for the recovery of treble damages or $1,500, whichever is greater, and of reasonable attorney's fees. *Id.;* 49 U.S.C. § 32710(a) and (b) (1997). These provisions reflect the Act's intention to encourage private civil actions. *Tusa,* 712 F.2d at 1255. "[I]n many situations, the amount of damages under the Act will be so small that few attorneys will pursue his client's case with diligence unless the amount of the fee be proportionate to the actual work required, rather than the amount involved." (quoting *Duval,* 578 F.2d at 726). In reviewing an award of attorney's fees in a state odometer fraud case, the Missouri Supreme Court discussed this idea saying, "It is the sense of the statute that private litigants aid the public authorities in the enforcement of the odometer statutes, and that the cost of litigation not stand in the way. Fees must be determined with this statutory policy in mind." *O'Brien,* 768 S.W.2d at 72. Thus, where a remedial statute such as the Federal Odometer Act requires an award of attorney's fees as an element of recovery, a showing that the trial court's award exceeds the amount of damages does not alone amount to an abuse of discretion. *Duval,* 578 F.2d at 727.

 An attorney's fees award must, however, bear some relation to the damage award. *Tusa,* 712 F.2d at 1255; *O'Brien,* 768 S.W.2d at 71. The damage award in this case was $12,000. After the first trial, Ms. Williams filed a motion for attorney's fees requesting $39,970 and attached an affidavit showing counsel's hours expended and his hourly rate. The trial court found the hours and rate reasonable for the case and awarded attorney's fees of $37,095.[4] After the case was remanded and retried, Ms. Williams filed a motion for attorney's fees and an affidavit requesting $10,342.50 for fees incurred in the retrial plus $37,095 in fees awarded in the first trial. The trial court awarded Ms. Williams attorney's fees of $47,129.25 finding the amount fair and reasonable. This award amounted to a 4 to 1 ratio to the $12,000 damage award. Such award compares to other attorney's fees awards in other successful federal odometer fraud cases. *See Tusa v. Omaha Auto. Auction, Inc.,* 712 F.2d 1248 (8th Cir.1983)(fee of $8,000 and damages of $1,500 for a 5.3 to 1 ratio); *Duval v. Midwest Auto City, Inc.,* 578 F.2d 721 (8th Cir.1978)(fee of $14,000 and damages of $3,960 for a 3.5 to 1 ratio).

 Additionally, Finance Plaza was entitled to and presented a vigorous defense that has resulted in two trials and two appeals. "A party 'cannot litigate tenaciously and then be heard to complain about the time necessarily spent' overcoming its vigorous defense." *Duchscherer,* 534 N.W.2d at 19 (quoting *City of Riverside v. Rivera,* 477 U.S. 561, 580 n. 11, 106 S.Ct. 2686, 91 L.Ed.2d 466 (1986)). The Federal Odometer Act compels a party who violates the Act to pay reasonable attorney's fees to a successful claimant despite a vigorous defense. *Id.* Given the result obtained, the relationship of the claims, the proportion to the damage award, and the vigorous defense by Fi-

---

4. The trial court did not allow $2,875 for fees it found duplicative.

nance Plaza, the trial court's award of attorney's fees in the amount of $47,129.25 was not an abuse of discretion. The final point is denied.

### IV. Attorney's Fees on Appeal

 Before submission of this case, Ms. Williams filed a motion with this court requesting attorney's fees on appeal, which was taken with the case.[5] As discussed in Section III above, the Federal Odometer Act mandates that reasonable attorney's fees be awarded in the case of any successful action to enforce the odometer statutes. 49 U.S.C. § 32710(b); *Force v. McGeachy*, 186 Ga.App. 781, 368 S.E.2d 777, 781 (1988). Refusing to compensate an attorney for the time reasonably spent on appellate work defending a judgment would be inconsistent with the intent of Congress in providing for an award of attorney's fees. *Fleet Inv. Co., Inc. v. Rogers*, 505 F.Supp. 522, 524 (W.D.Ok.1980). Thus, Ms. Williams' request for attorney's fees on appeal is granted. *See Haluschak v. Dodge City of Wauwatosa, Inc.*, 909 F.2d 254, 258 (7th Cir.1990)(plaintiff is entitled under the Federal Odometer Act to additional reasonable attorney's fees and costs associated with appeal); *Fleet Inv.*, 505 F.Supp. at 524 (additional fees for services rendered on appeal may be allowed); *Force*, 368 S.E.2d at 782 (in event the case is retried and plaintiff is successful again, his counsel would be entitled to attorney's fees not only for all proceedings at the trial level but also for his representation at the appellate level). The case is, therefore, remanded to the trial court for an award of reasonable attorney's fees for this appeal. *See O'Brien*, 768 S.W.2d at 71 (trial court is expert on subject of attor-

ney's fees); *Fleet Inv.*, 505 F.Supp. at 524 (District Court has power and is proper forum to determine reasonable attorney's fees for services performed on appeal).

The judgment of the trial court is affirmed, and the case is remanded to the trial court for determination of reasonable attorney's fees on appeal.

BRECKENRIDGE, J. and HARDWICK, J. concur.

---

5. Western District Court of Appeals Special Rule XXIX provides in pertinent part:

Any party claiming an amount due for attorney's fees on appeal pursuant to con-

tract, statute or otherwise and which this Court has jurisdiction to consider, must file a written request before submission of the cause.