STATE of Missouri, ex rel. Jeremiah W. (Jay) NIXON, Attorney General of Missouri, Plaintiff/Respondent,

v.

PATRIOT TOBACCO COMPANY, a/k/a Patriot Manufacturing, Respondent/Appellant.

No. ED 88424.

Missouri Court of Appeals, Eastern District, Division Four.

May 1, 2007.

Gregory L. Barnes, Assistant Attorney General, Eric M. Wilson, Jefferson City, MO, for respondent.

W. Bevis Schock, St. Louis, MO, for appellant.

Before ROY L. RICHTER, P.J., KATHIANNE KNAUP CRANE, J., and SHERRI B. SULLIVAN, J.

PER CURIAM.

The State of Missouri at the relation of the Attorney General (the state) filed a civil action against the respondent outstate tobacco company for failing to place funds into an escrow account as required by the Tobacco Settlement Agreement Act, Section 196.1000 et seq. RSMo (2000) (the Act). The trial court found respondent had violated the Act and ordered it to place $137,100.23 in escrow and pay the state's costs and attorney's fees in the amount of $36,738.00. Respondent appeals. We affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

Respondent, Patriot Tobacco Company, is a Texas tobacco product manufacturer, which sells tobacco products in Missouri through distributors. Prior to April 15, 2002, the Missouri Department of Revenue (D.O.R.) notified respondent of its obligation to escrow funds in compliance with the Act.[1]

---

1. Section 196.1003 of the Act requires tobacco product manufacturers selling cigarettes to consumers within Missouri to do one of the following:

(a) become a participating manufacturer (as that term is defined in section II(jj) of the Master Settlement Agreement) and generally perform its financial obligations under the Master Settlement Agreement; or

On September 18, 2002, the state filed this action under the Act, alleging that respondent sold cigarettes in Missouri and knowingly failed to place the required funds into a qualified escrow account or file the annual certification of compliance. It sought a judgment ordering respondent to establish a qualified escrow account, to pay civil penalties, and to pay attorney's fees and costs.

After a bench trial, the trial court entered an Order and Judgment in which it found that respondent had sold 9,182,500 cigarettes (either directly or through a distributor, retailer, or similar intermediary or intermediaries) in Missouri in 2001 as measured by excise taxes collected on packs bearing the Missouri excise tax stamps. It further found that respondent failed to certify that it was in compliance with the Act for 2001 and failed to place any funds in an escrow fund as required by the Act. It found that the escrowed amount due on April 15, 2002 was $137,100.23 and respondent failed to place this amount in escrow. The court concluded that respondent's failure to certify compliance and escrow $137,100.23 violated the Act and that respondent was not liable for a civil penalty, but was liable for the state's attorney's fees and costs during the successful prosecution of this action. It ordered respondent to place $137,100.23 into a qualified escrow account for the year 2001 and certify compliance and escrow the appropriate amount for 2002. It also ordered respondent to pay costs and the

state's attorney's fees in the amount of $36,738.00.

Respondent's first three points challenge the admissibility of Exhibit 11, which is a summary of units sold; whether Exhibit 11 contained errors; and the sufficiency of the evidence. We deny these points in accordance with Rule 84.16(b). No jurisprudential purpose would be served by a written opinion discussing these points. However, the parties have been furnished with a memorandum opinion for their information only, setting forth the facts and reasons for this order denying these points.

■ For its fourth point, respondent asserts that the trial court erred in awarding the state its full amount of attorney's fees because the state sought a civil penalty that the trial court did not order. Respondent argues that the state did not have a "successful prosecution" as required for an award of attorney's fees under the Act because it obtained only a portion of the relief it sought.

■ The American Rule requires parties to bear the expense of their own attorney's fees. *Williams v. Finance Plaza, Inc.,* 78 S.W.3d 175, 184 (Mo.App.2002). However, a party may recover attorney's fees when allowed by statute. *Id.* Section 196.1003(b)(3) of the Act provides that each failure to make a deposit required under the statute constitutes a violation and that "[a]ny tobacco product manufac-

(b) (1) place into a qualified escrow fund by April 15 of the year following the year in question the following amounts (as such amounts are adjusted for inflation)—

❊ ❊ ❊

for each of 2001 and 2002: $.0136125 per unit sold;

Section 196.1000(j) defines "units sold" as: the number of individual cigarettes sold in the State by the applicable tobacco product manufacturer (whether directly or through

a distributor, retailer or similar intermediary or intermediaries) during the year in question, as measured by excise taxes collected by the State on packs (or "roll-your-own" tobacco containers) bearing the excise tax stamp of the State. The department of revenue shall promulgate such regulations as are necessary to ascertain the amount of State excise tax paid on the cigarettes of such tobacco product manufacturer for each year.

turer that violates the provisions of [the] section shall pay the State's cost and attorney's fees incurred during a successful prosecution under [the] section." In this context, a "successful" party is the "prevailing" party. BLACK'S LAW DICTIONARY 1145, 1445 (7th ed.1999); *see, e.g., Lett v. City of St. Louis,* 24 S.W.3d 157, 162–63 (Mo.App.2000). A prevailing party is "the party prevailing on the main issue in dispute, even though not necessarily to the extent of its original contention." *Miller v. Gammon & Sons, Inc.,* 67 S.W.3d 613, 625 (Mo.App.2001) (quoting *Ken Cucchi Constr., Inc. v. O'Keefe,* 973 S.W.2d 520, 528 (Mo.App.1998)). When the plaintiff has prevailed on the underlying claim, attorney's fees should not be reduced merely because the plaintiff was not awarded the full amount sought. *See Miller,* 67 S.W.3d at 625–26. When "a plaintiff's claims are related and [he or] she has obtained excellent results overall, [his or] her counsel should recover a fully compensatory fee that should not be reduced simply because [he or] she had not prevailed on every litigated claim." *Williams,* 78 S.W.3d at 185. Here, the state prevailed on its claim that respondent violated the Act. The fact that the trial court did not grant all of the remedies sought by the state for this violation is not a basis for reduction of the state's attorney's fees.

The trial court did not err in ordering defendant to pay the full amount of the state's attorney's fees and costs. Point four is denied.

*Conclusion*

The judgment of the trial court is affirmed.