**Byther M. WILLIAMS, Respondent,**

v.

**The FINANCE PLAZA,
INC., Appellant.**

**No. WD 57152.**

Missouri Court of Appeals,
Western District.

May 23, 2000.

Motion for Rehearing and/or Transfer to
Supreme Court Denied June 27, 2000.

Application for Transfer Denied
Aug. 29, 2000.

Dale K. Irwin, Kansas City, for appellant.

Charles E. Weedman, Jr., Harrisonville, for respondent.

Before JOSEPH M. ELLIS, P.J., PAUL M. SPINDEN and THOMAS H. NEWTON, JJ.

THOMAS H. NEWTON, Judge.

Byther M. Williams purchased an automobile from The Finance Plaza (Finance). Ms. Williams later filed a petition for damages against Finance. After a trial, a jury returned a verdict in favor of Ms. Williams on her claim of violation of the federal odometer law. Finance appeals. We reverse and remand for a new trial.

## BACKGROUND AND PROCEDURAL HISTORY

On November 10, 1997, Ms. Williams filed a four-count petition in the Circuit Court of Jackson County against used car dealer, Finance. The counts were for federal odometer law violation, state federal odometer law violation, fraudulent misrepresentation and negligent misrepresentation. On January 19, 1999, the trial of the case began, and the following evidence was presented.

On November 10, 1995, Ms. Williams entered into a sales contract to purchase a 1988 Ford Tempo. The Tempo's odometer registered 22,500 miles. Ms. Williams testified that a Finance salesman told her that the 22,500 miles showing on the odometer were the "actual miles" on the vehicle and that the car had been "well taken care of." The purchase price was $6,995. Ms. Williams signed three separate documents—a motor vehicle sales contract, an application for Missouri title and license, and an odometer mileage statement. Finance also issued an inspection certificate to her. On the application for title and license, the car's mileage was listed as 22,503 miles, and on the inspection certificate, it was listed as being 22,505 miles.

Ms. Williams began having problems with the Tempo soon after the purchase. The car leaked oil, and it stopped on numerous occasions. When she attempted to trade the Tempo for another car at a Buick dealership, Ms. Williams was informed that the Tempo actually had over 100,000 miles on it. She returned the car to Finance. Ms. Williams testified that she would not have purchased the Tempo if she had known the car had over 100,000 miles on it.

Prior to closing arguments at the trial, an instruction conference was held between the attorneys and the judge. Finance's attorney submitted written objections to the jury instructions with the court. Specifically, Finance objected to Instruction No. 7, the verdict director for the federal odometer claim. Finance also filed an alternative Instruction No. 7, but the court rejected it. The jury returned a verdict in favor of Ms. Williams on her federal odometer claim. The jury returned a verdict in favor of Finance, however, on her fraudulent misrepresentation claim. The counts for negligent misrepresentation and violation of the state odometer statute were dismissed with prejudice before submission to the jury.

Finance appeals from the jury verdict and raises four points.

## STANDARD OF REVIEW

■ To reverse on grounds of instructional error, Finance must show that the offending instruction, misdirected, misled or confused the jury. *Doe v. Alpha Therapeutic Corp.*, 3 S.W.3d 404, 419 (Mo.App. E.D.1999). Furthermore, prejudice must have resulted from the instructional error. *Van Volkenburgh v. McBride*, 2 S.W.3d 814, 821 (Mo.App. W.D.1999).

## LEGAL ANALYSIS

In her first point, Finance argues that the trial court erred by submitting the jury instruction pertaining to violation of the federal odometer law, 49 U.S.C. § 32710, because the instruction inaccurately defined the phrase "intent to defraud." Finance specifically argues that the use of the term "careless," in the definition of "intent to defraud," inaccurately defines the phrase because "careless" is synonymous with "negligent," and case law provides that more than mere negligence must be shown to find a violation of the federal odometer statute.

Mrs. Williams' federal odometer cause of action was based on 49 U.S.C. § 32705(a). That section states in part:

(a)(1) **Disclosure requirements.** – Under regulations prescribed by the Secretary of Transportation that include the way in which information is disclosed and retained under this section, a person transferring ownership of a motor vehicle shall give the transferee the following written disclosure:

(A) Disclosure of the cumulative mileage registered on the odometer.

(B) Disclosure that the actual mileage is unknown, if the transferor knows that the odometer reading is different from the number of miles the vehicle has actually traveled.

(2) A person transferring ownership of a motor vehicle may not violate a regula-

tion prescribed under this section or give a false statement to the transferee in making the disclosure required by such a regulation.

Furthermore, damages for violation of § 32705 are prescribed in 49 U.S.C. § 32710, which states, in pertinent part:

A person that violates this chapter or a regulation prescribed or order issued under this chapter, with *intent to defraud*, is liable for 3 times the actual damages or $1,500, whichever is greater.

49 U.S.C. § 32710(a) (emphasis added).

The submitted jury verdict director pertaining to the federal odometer claim, Instruction No. 7, read as follows:

Your verdict must be for plaintiff Byther Williams and against defendant The Finance Plaza, Inc. on plaintiff's claim for violation of the Federal odometer statute if you believe:

First, that defendant The Finance Plaza, Inc., knew or should have known that the true mileage was different from the number of miles shown on the odometer of the Ford Tempo; and

Second, defendant The Finance Plaza, Inc.'s salesman misrepresented the mileage to plaintiff; and

Third, that defendant acted with intent to defraud plaintiff.

To act with the intent to defraud means to make a reckless *or careless* statement of a vehicle's mileage without knowledge of the truth or falsity of the statement or without reasonable grounds for belief in the truth of the statement.

At trial, Finance filed Defendant's Objections to Instructions – a series of written objections to the instructions submitted to the jury. With regard to the phrase "intent to defraud," Finance complained, "Instruction No. 7 does not correctly define intent to defraud and Defendant believes that its tendered instruction correctly defines intent to defraud." Finance proposed another version of the verdict director. Finance's proposed instruction

would have stated, "To act with intent to defraud means to act with the *specific intent to deceive or cheat,* ordinarily for the purpose of bringing some financial gain to one's self." The trial court denied the proposed instruction. Finance then incorporated its Objections to Instructions into its motion for new trial.

■ Rule 70.03 provides, "Counsel shall make specific objections to instructions considered erroneous. No party may assign as error the giving or failure to give instructions unless that party objects thereto before the jury retires to consider its verdict, stating distinctly the matter objected to and the grounds of the objection." The objection to Instruction No. 7 recited in Finance's Objections to Instructions directed the trial court's attention to its alternative instruction. That alternative instruction specifically defined "intent to defraud" as acting with the specific intent to deceive or cheat. Finance now essentially acknowledges that its proposed definition of "intent to defraud" was not a viable alternative. The Eastern District has already said, in regard to a federal odometer claim, "instructing the jury that 'intent to defraud' is defined as a 'specific intent' to deceive is erroneous." *DeLong v. Hilltop Lincoln–Mercury, Inc.,* 812 S.W.2d 834, 845 (Mo.App. E.D.1991). The definition of intent to defraud for purposes of recovery under the federal odometer law[1] includes actions taken with reckless disregard for the truth. *Id.* Nevertheless, with respect to Instruction No. 7, Finance's complaint on appeal is that the word "careless" should not have been used to define "intent to defraud." Ms. Williams argues that Finance is now stating a distinctly different ground for objecting to the instruction than the one that it raised at trial. We disagree with Ms. Williams' assertion.

■ While Finance's Objections to Instructions did not expressly object to the inclusion of the word "careless" in Instruction No. 7's definition of "intent to defraud," the pertinent written objection did assert that "Instruction No. 7 does not correctly define intent to defraud." We therefore conclude that Finance's express objection to the definition of "intent to defraud" was specific enough to preserve its current argument for appeal. Moreover, the word "careless" was noticeably absent from the definition contained in the instruction proposed by Finance. That conspicuous absence made Finance's proposed definition sufficiently different from the submitted definition to put the trial court on notice of the specific objection Finance now articulates on appeal. The issue of whether the submitted instruction incorrectly defined "intent to defraud" was thus preserved for appeal.

■ We also agree with Finance's contention that the submitted Instruction No. 7, by virtue of its inclusion of the term "careless," allowed the jury to find mere negligence as a basis for liability on the federal odometer claim. Finance correctly cites Black's Law Dictionary's definition of careless as "negligent" for this proposition. In Black's, "careless" is defined as: "Absence of care; negligent; reckless." *Black's Law Dictionary* 146 (6th ed.1991). Thus, the word "careless" contemplates both "negligence" and "recklessness." However, those two terms are not synonymous. For instance, with regard to "negligence," Black's says, among other things, "The term refers only to that legal delinquency which results whenever a man fails to exhibit the care which he ought to exhibit, whether it be slight, ordinary, or great. It is characterized chiefly by inadvertence, thoughtlessness, inattention, and the like, while 'wantonness' or '*reckless-ness*' is characterized by willfulness." *Id.* at 716 (emphasis added). "Recklessness is a stronger term than mere or ordinary negligence...." *Id.* at 880.

---

1. At the time the alleged violation occurred in *DeLong v. Hilltop Lincoln–Mercury,* the federal odometer law was codified in 15 U.S.C. §§ 1981–1991. It has since been moved to 49 U.S.C. §§ 32701–32711. See, *Molo Oil Company v. River City Ford Truck Sales, Inc.,* 578 N.W.2d 222, 225 (Iowa 1998).

As it pertains to the federal odometer law, courts have said, "Constructive knowledge, recklessness, or even gross negligence in determining and disclosing the actual mileage traveled by a vehicle have been held sufficient to support a finding of intent to defraud under the statute." *Ryan v. Edwards,* 592 F.2d 756, 762 (4th Cir.1979); See also, *Molo Oil Company v. River City Ford Truck Sales, Inc.,* 578 N.W.2d 222, 226 (Iowa 1998). However, mere negligence cannot be a basis for imposing civil liability under the federal odometer law. *Huson v. General Motors Acceptance Corporation,* 108 F.3d 172, 173 (8th Cir.1997); *Jones v. Hanley Dawson Cadillac Company,* 848 F.2d 803 (7th Cir. 1988).

### Conclusion

Since Instruction No. 7 defined acting with intent to defraud as making a "reckless *or careless*" statement, the instruction allowed the jury to impose liability upon finding that Finance was merely negligent in misrepresenting the car's true mileage. While the term "careless" encompasses recklessness, the behavior of a person which a finding of intent to defraud can be based, the term also encompasses mere negligence, an act that is not egregious enough to base a finding of the requisite intent. As a consequence, Instruction No. 7 misled and misdirected the jury and prejudiced the defendant. Submitting the instruction was, therefore, a reversible error.

There are three other points raised by Finance. However, the disposition of the issue on instructional error is dispositive of the entire case. For the reasons stated above, we reverse and remand for a new trial on the federal odometer law claim only.

SPINDEN and ELLIS, JJ., concur.