# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 05-1901

_____

|  |  |  |
|---|---|---|
| Debra L. Hitchcock, | * | |
| | * | |
| Appellant, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | District of Minnesota. |
| FedEx Ground Package Systems, Inc., | * | |
| | * | |
| Appellee. | * | |

_____

Submitted: November 16, 2005
Filed: April 6, 2006

_____

Before WOLLMAN, FAGG, and MELLOY, Circuit Judges.

_____

WOLLMAN, Circuit Judge.

Debra Hitchcock (Hitchcock) sued FedEx Ground Package System, Inc. (FedEx) under the Minnesota Whistleblower Statute, Minn. Stat. § 181.932. The district court[1] granted FedEx's motion for summary judgment, concluding that Hitchcock's conduct was not protected under the statute. Hitchcock appeals, and we affirm.

_____

[1]The Honorable Michael J. Davis, United States District Judge for the District of Minnesota.

# I.

Hitchcock worked as a terminal manager in FedEx's St. Paul, Minnesota, facility. Beginning in May 2001, Hitchcock complained to her superiors that the FedEx facility was unsafe and that FedEx was engaging in illegal activities, including classifying drivers as independent contractors instead of employees and terminating drivers who were pro-union. During the next year, drivers began to quit and complain, and Hitchcock's facility received a below-average rating. Hitchcock received a negative performance review and was placed on a ninety-day improvement plan. In the summer of 2002, Hitchcock refused to terminate drivers simply because they were pro-union, allegedly because she believed this to be unlawful. The record does not indicate that Hitchcock informed FedEx that she refused the order for this particular reason. In July or August of 2002, Hitchcock allegedly ordered her employees to miscode packages to make the St. Paul facility appear more productive. Hitchcock claims that FedEx never discussed this misconduct with her. In September 2002, FedEx placed Hitchcock on a ninety-day performance plan due to inconsistency in the quality administration process, lack of communication, and contractor turnover. Hitchcock was later demoted. FedEx terminated Hitchcock on October 5, 2002.

# II.

We review *de novo* the district court's grant of summary judgment. Aviation Charter, Inc. v. Aviation Research Group/US, 416 F.3d 864, 868 (2005). Summary judgment is proper if there are no disputed issues of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); Aviation Charter, Inc., 416 F.3d at 868. We view the evidence and inferences that may reasonably be drawn from the evidence in the light most favorable to the nonmoving party. Aviation Charter, Inc., 416 F.3d at 868.

The Minnesota Whistleblower Statute provides that an employer shall not discharge an employee because the employee, in good faith, reported a violation or suspected violation of law to an employer, governmental body, or law enforcement official. Minn. Stat. § 181.932(a). To be protected under the statute, an employee must make the report for the purpose of exposing an illegality. Obst v. Microtron, Inc., 614 N.W.2d 196, 202 (Minn. 2000). The Minnesota Whistleblower Statute also provides that an employer shall not discharge an employee because the employee refused an order to perform an action that the employee objectively believed would violate the law if the employee informed the employer that she refused the order for that reason. Minn. Stat. § 181.932(c). The plaintiff employee has the initial burden of establishing a prima facie case under the statute. See McDonnell Douglas Corp. v. Green, 411 U.S. 792, 800–04 (1973); Pope v. ESA Servs., Inc., 406 F.3d 1001, 1010 (8th Cir. 2005) (applying the McDonnell Douglas framework when the district court dismissed the plaintiff's Minnesota Whistleblower claim on summary judgment). To do so, the employee must show that she engaged in statutorily protected conduct. See Pope, 406 F.3d at 1010.

Hitchcock failed to show that she engaged in statutorily protected conduct under the first provision of the statute because she did not demonstrate that she reported alleged illegalities with the purpose of blowing the whistle on FedEx. Similar to the circumstance in Obst v. Microtron, Inc., Hitchcock had no whistle to blow because she reported to FedEx only what it already knew. See Obst, 614 N.W.2d at 203. Her reports merely expressed her dissatisfaction with FedEx's conduct and policy, and there is no evidence in the record to suggest that her purpose in reporting was to expose an illegality.

Hitchcock also failed to show that she engaged in statutorily protected conduct under the provision of the statute concerning the refusal of an employer's order. The record does not support Hitchcock's allegation that she informed FedEx that she refused an order because she believed it was illegal.

In light of Hitchcock's failure to establish a prima facie case under the Minnesota Whistleblower Statute, the district court did not err in entering summary judgment against her, and the judgment is thus affirmed.

_____