Kristen DHYNE, Respondent,

v.

**STATE FARM FIRE AND CASUALTY COMPANY, Appellant.**

No. SC 87032.

Supreme Court of Missouri,
En Banc.

Jan. 31, 2006.

As Modified on Denial of Rehearing
April 11, 2006.

Kevin D. Weakley, James L. MowBray, Kansas City, Mo, for Appellant.

Christopher P. Sweeny, John E. Turner, Kansas City, MO, for Respondent.

RICHARD B. TEITELMAN, Judge.

State Farm Fire and Casualty Company appeals from a judgment in favor of Kristen Dhyne on her suit for damages and attorney's fees under section 375.420, RSMo 2000. Section 375.420 allows an insured to recover when the insurer "has refused to pay a loss without reasonable cause or excuse." The judgment is affirmed.

## FACTS

Viewed in the light most favorable to the jury verdict, the facts of the case are as follows. On February 6, 2001, Kristen Dhyne was struck by a vehicle driven by an uninsured motorist. She suffered a broken pelvis, right kidney failure, and

nerve damage to one of her fingers. At the time of the accident, Dhyne maintained a $50,000 insurance policy with State Farm that covered injuries inflicted by uninsured motorists.

On January 28, 2002, Dhyne spoke with Brandon Hill, a State Farm claims representative. Dhyne described to Hill her injuries and the medical treatment she had received. Hill told Dhyne that he would consult with his supervisor regarding whether her injuries were covered by the policy. The next day, Hill told Dhyne that her claim was not covered under her uninsured motorist policy except for part of her lost wages that was not being paid by the worker's compensation carrier. He also told her that if she filed a claim, her insurance premium may increase and that if she recovered any money from State Farm, it would go to reimburse her worker's compensation carrier. Approximately two weeks later, an attorney retained by State Farm told Hill that Dhyne was covered by the policy. Dhyne testified that Hill did not contact her again.

On February 20, 2002, Dhyne filed suit against State Farm to recover on her uninsured motorist policy, as well as damages and attorney's fees under section 375.420. Although State Farm had been advised that Dhyne was entitled to recovery, State Farm stated in its answer to the petition that Dhyne "take naught by way of her petition, but that separate defendant, State Farm, go hence with its costs herein incurred and expended." In response to State Farm's interrogatories, Dhyne documented her lost wages of $26,603.22 and medical bills in the amount of $13,373.15. Three months later, State Farm issued a check made payable to Dhyne and the workers' compensation carrier handling her workers' compensation claim. State Farm admitted at trial that the workers' compensation carrier had no claim to the money and that the check was incorrect. On August 29, 2002, State Farm satisfied its obligations under the policy.

Dhyne then filed an amended petition in which she dropped the claim for the unpaid uninsured motorist policy but retained her claim for statutory damages and attorney's fees, alleging that State Farm had engaged in "vexatious conduct" by "discouraging [her] from making a legitimate claim and making misrepresentations to her about the repayment provisions" of the policy. The jury returned a verdict for Dhyne and awarded damages and attorney's fees. State Farm appeals.

### ANALYSIS

State Farm argues that the circuit court erred in failing to grant its motion for judgment notwithstanding the verdict (JNOV) [1] and that the jury was improperly instructed. These claims are without merit.

The standard of review of denial of a JNOV is essentially the same as for review of denial of a motion for directed verdict. A case may not be submitted unless each and every fact essential to liability is predicated upon legal and substantial evidence. *Giddens v. Kansas City Southern Railway Co.*, 29 S.W.3d 813, 818 (Mo. banc 2000). In determining whether the evidence was sufficient to support the jury's verdict, the evidence is viewed in the

---

1. State Farm also attempts to appeal from the trial court's denial of its summary judgment motion. However, that attempt is rejected because denial of a summary judgment motion is not appealable and will only be reviewed when its merits are completely intertwined with a grant of summary judgment in favor of an opposing party. *Transatlantic Ltd. v. Salva*, 71 S.W.3d 670, 676 (Mo.App.2002); *Fischer v. City of Washington*, 55 S.W.3d 372, 381 (Mo.App.2001).

light most favorable to the result reached by the jury, giving the plaintiff the benefit of all reasonable inferences and disregarding evidence and inferences that conflict with that verdict. *Id.* This Court will reverse the jury's verdict for insufficient evidence only where there is a complete absence of probative fact to support the jury's conclusion. *Id.*

■ The elements of an action for vexatious refusal to pay are set forth in section 375.420:

> In any action against any insurance company to recover the amount of any loss under a policy of automobile, fire, cyclone, lightning, life, health, accident, employers' liability, burglary, theft, embezzlement, fidelity, indemnity, marine or other insurance except automobile liability insurance, if it appears from the evidence that such company has refused to pay such loss without reasonable cause or excuse, the court or jury may, in addition to the amount thereof and interest, allow the plaintiff damages not to exceed twenty percent of the first fifteen hundred dollars of the loss, and ten percent of the amount of the loss in excess of fifteen hundred dollars and a reasonable attorney's fee; and the court shall enter judgment for the aggregate sum found in the verdict.

Therefore, to establish her claim for vexatious refusal to pay, Dhyne had to prove that: (1) she had an insurance policy with State Farm; (2) State Farm refused to pay; and, (3) State Farm's refusal was without reasonable cause or excuse. State Farm argues that Dhyne did not prove the last two elements of her claim and that the circuit court thereby erred in denying its JNOV.

## I. *Jurisdiction*

■ State Farm argues that once it paid the policy limits and Dhyne dismissed her petition for uninsured motorist benefits, there was no viable vexatious refusal claim. State Farm's argument is not well founded. Dhyne's petition sought not only damages for State Farm's refusal to pay, but also attorney's fees incurred in attempting to collect under her policy and interest that had accrued as a result of State Farm's delay. A claim of interest is sufficient to support an award of damages or attorney's fees under section 375.420. Additionally, the purpose of section 375.420 is "to make the contracting party whole in a practical sense and to provide an incentive for insurance companies to pay legitimate claims without litigation." *Overcast v. Billings Mutual Ins. Co.*, 11 S.W.3d 62, 67 (Mo. banc 2000). Adopting State Farm's argument would permit an insurance company to refuse payment and avoid liability under section 375.420 by simply paying prior to trial. Such an interpretation would, from a practical standpoint, eliminate section 375.420.

## II. *Refusal to pay*

■ State Farm argues that the circuit court erred in denying the JNOV because there was insufficient evidence that State Farm refused Dhyne's claim. This argument is premised upon State Farm's contentions that it had never specifically told Dhyne that her claim was refused, that State Farm eventually paid the policy limits, and that any delay in payment was a result of Dhyne's failure to provide proof of the amount of damages she had sustained. State Farm also argues that Dhyne filed her suit prematurely because it had thirty days to investigate the claim under the terms of the policy.

■ The applicable standard of review requires this Court to view the evidence in the light most favorable to the verdict. There was evidence at trial that in Dhyne's first conversation with Hill, the claim rep-

resentative, he stated unequivocally that State Farm would not cover her claim. Given this refusal, Dhyne was not foreclosed from filing suit under section 375.420. There was also evidence that State Farm persisted in its refusal to pay after it was informed that Dhyne had lost wages and incurred medical bills that were covered by her policy. She informed Hill of her injuries and lost wages. State Farm did not pay. Dhyne documented her damages in her responses to State Farm's discovery. State Farm did not pay until over three months had passed. In the interim, Dhyne incurred attorney's fees in her effort to compel State Farm to pay under the terms of a policy that State Farm knew covered Dhyne's injuries. When there is "evidence that an insurer's bad faith efforts have hindered a legitimate insurance claim, the action for vexatious refusal should be submitted to the jury." *Morris v. J.C. Penney Life Ins. Co.*, 895 S.W.2d 73, 79 (Mo.App.1995). There is sufficient evidence to support the jury's determination that State Farm refused to pay and hindered Dhyne's efforts to recover on her policy.

### III. *Refusal without reasonable cause or excuse*

■ State Farm argues that, even if there was evidence of State Farm's refusal to pay, there was insufficient evidence that the refusal was willful and without reasonable cause. Missouri courts recognize that claims of vexatious refusal to pay arise in innumerable contexts. Thus, direct and specific evidence of vexatious refusal is not required and "the jury may find vexatious delay upon a general survey and a consideration of the whole testimony and all the facts and circumstances in connection with the case." *DeWitt v. American Family Mutual Ins. Co.*, 667 S.W.2d 700, 710 (Mo. banc 1984).

There is sufficient evidence to support the jury's determination that State Farm willfully and without reasonable cause refused to pay on Dhyne's claim. Hill testified that, in his role as a claims representative, he was responsible for knowing and complying with insurance law and regulations. Hill also testified that, under Missouri law, the insured is entitled to collect on an uninsured motorist policy even if the insured was on the job when he or she was struck by the uninsured motorist. Hill admitted at trial that he was incorrect when he informed Dhyne that she did not have coverage except for that part of her lost wages that was not being paid by her workers' compensation carrier. Although State Farm asserts that its actions were not willful but rather were a simple "mistake," the jury resolved this factual determination in Dhyne's favor.

In addition to Hill's testimony, the record reflects that State Farm admitted in pleadings before the circuit court that it completed its investigation of Dhyne's claim within thirty days after receiving notice of the claim. State Farm was, therefore, aware that Dhyne had an uninsured motorist policy, that she had been struck by an uninsured motorist, and that she had sustained lost wages and medical expenses that were covered under her policy. During this investigation, an attorney retained by State Farm advised that Dhyne had coverage under her policy and Hill's manager concluded that Dhyne had coverage. Nonetheless, State Farm did not pay on Dhyne's claim and, instead, filed an answer to her petition stating that Dhyne "take naught." As noted above, this Court will reverse the jury's verdict for insufficient evidence only where there is a complete absence of probative fact to support the jury's conclusion. *Giddens v. Kansas City Southern Railway Co.*, 29 S.W.3d 813, 818 (Mo. banc 2000). There was sufficient evidence to support the

jury's determination that State Farm willfully and without reasonable cause refused to pay on Dhyne's claim.

IV. *Instructional Error*

■ State Farm argues that the circuit court improperly instructed the jury in two respects. First, State Farm alleges the jury instructions failed to instruct the jury that it had to find that State Farm willfully refused to pay on Dhyne's claim. Second, State Farm alleges that the instructions omitted a finding that State Farm persisted in refusing to pay after becoming aware it had no meritorious defense.

■ To reverse on grounds of instructional error, State Farm must establish that the instruction at issue misdirected, mislead, or confused the jury. *Williams v. Finance Plaza, Inc.,* 23 S.W.3d 656, 658 (Mo.App.2000). Additionally, prejudice must have resulted from the instructional error. *Id.*

■ The instruction at issue incorporates the exact language from section 375.420 and the Missouri Approved Instructions for a claim of vexatious refusal to pay. The instruction at issue provided that:

> Your verdict must be for plaintiff if you believe that defendant State Farm Fire and Casualty refused to pay uninsured motorist benefits without reasonable cause or excuse.

It is "generally sufficient to couch a verdict directing instruction substantially in the language of the statute." *Rooney v. Lloyd Metal Products Co.,* 458 S.W.2d 561, 570 (Mo.1970). Thus, in *DeWitt v. American Family Mutual Ins. Co.,* this Court rejected a challenge to an identical instruction in a case brought under section 375.420. 667 S.W.2d 700, 711 (Mo. banc 1984). This Court noted that the instruction paralleled the statutory language and that it did not mislead or confuse the jury. *Id.* Likewise, the instructions in this case follow section 375.420 and adequately instructed the jury that State Farm was liable only if it willfully refused to pay. State Farm has not established that the jury was confused by the instructions, which track the language of section 375.420.

The judgment is affirmed.

All concur.