**Brian HANSEN, Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. 28626.**

Missouri Court of Appeals,
Southern District,
Division One.

Jan. 24, 2008.

Joshua K. Roberts, Hazelrigg, Roberts & Easley, P.C., Springfield, for Appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Michael Pritchett, Jefferson City, for Respondent.

DANIEL E. SCOTT, Judge.

Hansen sought a declaratory judgment that he need not register as a sex offender under Missouri law. The trial court granted the State's summary judgment motion. Our review is *de novo*, without deference to the trial court's ruling, as the propriety of summary judgment is an issue of law. *Barekman v. City of Republic*, 232 S.W.3d 675, 677 (Mo.App.2007). Summary judgment is precluded if the record, viewed most favorably to the non-movant, contains competent evidence of two plausible, contradictory accounts of essential facts. *Id.* at 677, 682; *Wills v. Whitlock*, 139 S.W.3d 643, 654 (Mo.App.2004). Determination of disputed facts that might affect an action's outcome under governing law is for the

fact finder at a complete trial. *Wills,* 139 S.W.3d at 655. Under these well-established principles, the record submitted cannot support the judgment, which we reverse and remand for further proceedings.

The parties agree that Missouri residents who must register as federal sex offenders also must register under Missouri's program. RSMo § 589.400.1(5)–(6).[1] However, Hansen denies that his 2000 federal conviction for making a harassing phone call in interstate commerce (47 U.S.C. § 223) requires him to register under federal law. He argues this conviction was not a "sex offense," nor is he a "sex offender," as those terms are defined in 42 U.S.C. § 16911. Although 47 U.S.C. § 223(a)(1) prohibits five types of obscene or harassing calls, only two subsections (§ 223(a)(1)(A)–(B)) reference "obscene" or sexually-related calls. Hansen was indicted under a different subsection (§ 223(a)(1)(E)) prohibiting "repeated" calls or communications "solely to harass." His plea agreement and judgment of conviction likewise reference only "harassing" calls, and do not cite § 223(a)(1)'s subsections prohibiting obscene or sexually-related calls. Hansen thus claims he need not register under federal law,[2] or by extension, under Missouri law.

The State's summary judgment motion argued Hansen had to register under federal law because "the harassing calls of which he was convicted were of a sexual nature," and posited as "Material Facts and Statutory Framework" a total of four matters:

1. Hansen had been convicted of making harassing telephone calls in both federal and state court.[3]
2. The calls were of a sexual nature.
3. As a result of the federal conviction, Hansen was subject to registration as a sex offender under federal law.
4. Missouri law requires registration by persons who are required to register under federal law.[4]

Per Rule 74.04(c)(2), Hansen admitted Nos. 1 and 4, but denied Nos. 2 and 3, supporting his denials with an affidavit and documents, including his federal court indictment, plea agreement, and judgment of conviction.

As a result, the *only* uncontroverted material "facts" are that (1) Hansen was convicted of making harassing telephone calls, and (2) sex offenders who must register under federal law also must register under Missouri law. These "facts" do not establish that Hansen's calls "were of a sexual nature"—as the State contends and Hansen denies—or any other basis for summary judgment.

The State says this dispute is "not genuine," arguing that a federal prison release notice (hereafter "Notice") says Hansen, *"based upon available information,* was convicted of a sexual offense" (emphasis ours) and "is subject to registration" under federal law. The State claims this establishes that Hansen committed a federal sex offense, no matter what Hansen or his federal court documents say.

This is no more than the State claiming its documentary evidence is better than

---

1. Although RSMo § 589.400 has been amended repeatedly, it has required federal registrants also to register in Missouri since at least 2000.

2. *See* 42 U.S.C. § 16913(a) ("A sex offender shall register. . . .").

3. The State has not argued Hansen's state convictions as a basis for registration.

4. Although not so denominated, and Nos. 3 and 4 are more legal conclusion than fact, we will consider these as the statement of uncontroverted material facts required by Rule 74.04(c)(1).

Hansen's. It could be a winning argument at a trial on the merits, but it does not justify summary judgment. The State must prove its legal right to judgment from the record as submitted; any evidence presenting a genuine dispute of material fact defeats its motion. *ITT Commercial Finance Corp. v. Mid–America Marine Supply Corp.*, 854 S.W.2d 371, 382 (Mo. banc 1993). The court does not focus upon the "truth" of such facts, but whether they are disputed. *Id.* Hansen created such a dispute by supplementing the record with evidence which, at least by reasonable inference, rebutted one of the State's asserted four essential "facts." *Id.*

Nor can we say Hansen's dispute is "not genuine" when the State cited only the Notice to assert that Hansen's conviction was for "calls of a sexual nature." The Notice, dated October 2000, states it is a Federal Bureau of Prisons form, signed by a federal warden in Arkansas. However, the State offered the Notice under a Missouri State Highway Patrol (MSHP) affidavit, purporting to lay a foundation for this federal document's admissibility as a MSHP business record. We are skeptical that a MSHP records custodian can properly attest to the identity and mode of preparation of a document created by a federal agency that he neither works for nor mentions in his affidavit. *See C & W Asset Acquisition, LLC v. Somogyi*, 136 S.W.3d 134, 138–40 (Mo.App.2004).

We are not suggesting the Notice is not authentic. All of its blanks are completed with bold typewritten information, including Hansen's name and a description of his offense as "Making Harassing Telephone Calls in Interstate Commerce." But someone has added to that description, in handwriting, "Calls of a Sexual Nature," followed by handwritten numbers "573.100" and "25130 F." All this handwriting looks different from the federal warden's signature. Although there is no indication when or by whom these handwritten additions were made, we note that (1) RSMo § 573.100 is a Missouri statute against obscene or indecent calls; (2) its MSHP charge code is 25130; and (3) the State tendered the Notice under a MSHP affidavit.

Under these circumstances, we are dubious that the Notice, and especially the unexplained handwritten additions, are competent evidence that Hansen was federally convicted of "calls of a sexual nature." In any event, we cannot say Hansen's dispute is not genuine, especially given his documentary evidence suggesting otherwise. We are obliged, therefore, to reverse the judgment and remand the case for further proceedings not inconsistent herewith.[5]

PARRISH, P.J., and BATES, J., concur.

---

5. We do not reach Hansen's challenge to the denial of his summary judgment cross-motion, which is not appealable except in circumstances not present here. *Dhyne v. State Farm Fire and Cas. Co.*, 188 S.W.3d 454, 456 n. 1 (Mo. banc 2006).